### LOADER v. ATLANTIC AVE. R. CO.

(Supreme Court, Special Term, Kings County. January, 1895.)

1. STREET-CAR COMPANY—FAILURE TO RUN CARS—VIOLENCE AS EXCUSE.
   A street-car company cannot excuse a failure to run its cars on the ground that it has been prevented by violence from doing so, where it does not appear that the civil authorities have failed to protect it fully in its efforts to operate its road.
2. SAME—FAILURE TO GET EMPLOYES.
   The fact that a street-car company cannot get employés to accept its terms gives it no right to stop running its cars.
3. MANDAMUS—ANSWER—ALTERNATIVE WRIT.
   Under Code Civ. Proc. § 2070, relative to writs of mandamus, when the answer to the application raises an issue of fact an alternative writ only can be granted in the first instance.

Application by Joseph Loader for a writ of mandamus to compel the Atlantic Avenue Railroad Company to run its cars. Granted.

M. L. Towns and Delos McCurdy, for the application.
Thomas E. Moore and Julien T. Davies, opposed.

GAYNOR, J.   To deny this application, I would have to decide that this company is prevented by violence from operating its roads; but that I cannot find, upon the papers before me. I do not find that the city and the state have failed to fully protect its power house, its stations, its roads, and the cars it has offered to run. I do not find that the government has failed at all in its obligation of protection. The answer to the statement that there have been instances of violence is that they were swiftly suppressed. I cannot acquiesce, or even seem to acquiesce, in statements which have made it appear that mob riot has ruled in Brooklyn, and which have not only given a law-abiding community a bad name, but, by exciting fear in many, must have done incalculable damage to business interests. To try to forcibly prevent the company from doing its public

duties would be lawlessness; while, on the other hand, for the company to stop running cars to beat down the price or lawful conditions of labor would be lawlessness of a much more dangerous and far-reaching character. The company's public duty is to run its cars, and it may not lawfully cease to do so on the ground that it cannot get men to work at the price or conditions it offers. The law requires it to continue to run its cars to the full accommodation of the public, leaving it free to supersede its men from day to day by men who are willing to work on its terms, or to supersede them all at once when it has obtained men enough to enable it to do so. In all lawful conduct the company is entitled to the full protection of government, but it is not entitled to such protection to aid it in lawlessness. The relation between it and government is reciprocal. Performance of duty, on the one side, and protection, on the other, go hand in hand. But the company, by its answer, having raised issues of fact, the law requires that an alternative, instead of a peremptory, writ be issued, so that there may be a jury trial. Code Civ. Proc. § 2070. This court cannot change the law, but must obey it, whether it be obeyed elsewhere or not. If it be a defect in the law that the time for the trial of such issues may not be shortened by the court, the suggestion is one to be made to the legislature, not to the court. Let the writ issue.